## Kozloski v. Kozloski

*Arthur F. Silverblatt,* for petitioner.
*Bruce D. Desfor,* for respondent.

BROMINSKI, *J.,* April 10, 1987 — This matter comes before the court upon petition of Vivian B. Kozloski requesting that respondent, Peter P. Kozloski, and the Merchants Bank North be ordered to release $61,423 from the parties' joint money market account.

The parties on January 2, 1986, had already deposited in their joint name $459,000 in the Merchants Bank North, this being the partial proceeds from the sale of stock from N.E.P. Communications Inc.

From this amount, a sum of $46,631.90 was withdrawn by petitioner for various expenses upon agreement of the parties, and $5,000 for the repair and replacement of a septic system in the marital home, leaving a current balance of $433,086.72.

The petition further alleges that a second distribution of the sale of stock was made in the amount of $61,423, and respondent has placed it in an escrow account under his sole custody and control in contravention of the parties' agreement to keep the funds in the money market account at Merchants Bank North. Therefore, petitioner wants $61,423.00 from the original account ($433,086.22).

## DISCUSSION

The petition cites the following:

"Section 401(c) states, as follows:

In all matrimonial causes, the Court shall have full equity, power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this Act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

Section 401(c) is perhaps the most far-reaching power heretofore given to a court in a matrimonial cause in order to protect the interests of the parties and to effectuate the purposes of the new Divorce Code. This provision should be applied liberally. The harm which could result by denying a party's request for special relief for the limited period needed to reach a determination of the equitable distribution claim would be far greater than if this relief was granted. By denying this relief, the dissipation of the marital assets by one party could result in detriment to the other party. On the other hand, by granting this relief, a court could prevent the dissipation of marital assets from occurring. (See Pennsylvania Matrimonial Practice. Section 18.6, p. 1720).

. . . 23 P.S. 102(a)(6):

Effectuate economic justice between the parties who are divorced or separated and grant or withhold alimony according to actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights."

The court agrees with that concept; but as noted in the statute, the court's main concern is preserv-

ing of the marital assets pending final equitable distribution.

The Pennsylvania Rules of Civil Procedure further provide:

"Rule 1920.43 Special Relief

(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security.

(1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d) and (e); or

(2) order the seizure or attachment of real or personal property; or

(3) grant other appropriate relief."

Both provisions allude to "injunction or other orders which are necessary to protect the interest of the parties or to effectuate the purposes of this act . . ." and ". . . preliminary or special injunction. . . ."

The court interprets this language to mean "injunctive proceeding" which means the advent of some irreparable harm or very extreme hardship. We cannot think the legislature meant the court to keep the parties on equal financial terms pending the final outcome of the divorce. We do not think it means parity. We do not think it means premature determination of market property or contemplates premature equitable distribution. We do think that it means preserving marital assets pending final disposition.

Petitioner suggest that allowing her to withdraw this money would not prejudice the fund. This is not the test. We believe that respondent should place the $61,423 in their original joint account and

thus preserve the fund for final equitable distribution.

It would appear that any situation that can be accounted for or adjusted in final equitable distribution is not subject to "special relief" as provided by the Divorce Code.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that petitioner's prayer for special relief filed on December 10, 1986, is hereby denied and dismissed; and it is further ordered, adjudged and decreed that Peter P. Kozloski shall deposit the $61,423, with such interest as has been accumulated thereon, in a money market account in the names of Vivian B. Kozloski and Peter P. Kozloski at the Merchants Bank North, 24 West Market Street, Wilkes-Barre, Pa.